UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JAMES TUCKER, #200829**

    Petitioner,

                                              Civil No: 04-CV-72376
                                              Honorable  Arthur J. Tarnow
                                              Magistrate Judge R. Steven Whalen

v.

**RAYMOND BOOKER,**

    Respondent.
_____

**OPINION & ORDER HOLDING PETITION FOR WRIT OF HABEAS
CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE**

**I.**

This matter is before the Court on Petitioner's, James Tucker's, *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  Petitioner, a state prisoner confined at Standish Maximum Correctional Facility in Standish, Michigan, is challenging his conviction of armed robbery and possession of a firearm during the commission of a felony. Petitioner asserted one issue before the Michigan Court of Appeals and the Michigan Supreme Court, which was whether there was insufficient evidence regarding his identification as the perpetrator of the robbery.  Petitioner was sentenced for a 10-15 year term for the armed robbery and a mandatory 2 years for the felony firearm conviction.  Through a series of motions, Petitioner has requested that he be granted the opportunity to exhaust his state court remedies by filing a motion for relief from judgment with the trial court relative to the issue of ineffective assistance of trial and appellate counsel.  For the reasons that follow, the Court will hold this Petition in abeyance so that Petitioner may return to state court to exhaust his ineffective assistance of counsel claims.

*Tucker v. Booker,* Case No: 04-CV-72376

## II.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir.1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. See *Sitto v. Bock*, 207 F.Supp.2d 668, 676 (E.D.Mich.2002); *Hudson v. Martin*, 68 F.Supp.2d 798, 800 (E.D.Mich.1999). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the statute of

limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). See *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir.2002).

In order to avoid Petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance for sixty days and will allow petitioner to return to the state courts to seek post-conviction relief pursuant to M.C.R.

*Tucker v. Booker,* Case No: 04-CV-72376

6.500, in which case the Court will hold the present petition in abeyance. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Id.;* See, *Geeter v. Bouchard,* 293 F.Supp.2d 773, 775 (E.D. Mich. 2003).

### III.

Accordingly,

IT IS HEREBY ORDERED that further proceedings in this case are held in abeyance pending exhaustion of state court remedies. The case shall be held in abeyance provided that (i) Petitioner presents his unexhausted claims to the state court within **sixty days** from the date of this Order, and (ii) Petitioner returns to this Court to request that the stay be lifted and/or re-file an amended habeas petition containing newly exhausted claims within **sixty days** of exhausting state court remedies. If Petitioner files a motion for relief from judgment with the state trial court, he shall notify this Court that such motion papers have been filed in state court. If Petitioner fails to file a motion for relief from judgment with the state court within the provided time frame, the Court will dismiss the present petition without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court **CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter.

IT IS FURTHER ORDERED that the Petitioner's "Motion To Cancel the Motion to Dismiss a Habeas Corpus Petition and Instead Move for a Stay of Proceedings to Allow

3

*Tucker v. Booker,* Case No: 04-CV-72376

Petitioner to Return to State Court to Exhaust Further Issues" **[Doc. #21-1, filed April 17, 2006]** is **GRANTED.**

IT IS FURTHER ORDERED that Petitioner's "Motion to Dismiss Without Prejudice the Petition for Writ of Habeas Corpus"  **[Doc. #20-1, filed March 2, 2006]** is **MOOT.**

IT IS FURTHER ORDERED that Petitioner's "Motion for Discovery" **[Doc. #19-1, filed December 30, 2005]** is **DENIED WITHOUT PREJUDICE** to  Petitioner's right to again request discovery once the stay is lifted.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

 May 15, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 15, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary